IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT COBERLY, | § | |
|     Plaintiff, | § | Civil No. 3:10-cv-1213 |
| -v- | § | |
| | § | ECF |
| CHRISTUS HEALTH, | § | |
|     Defendant. | § | |

BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Robert J. Wiley
Texas Bar No. 24013750
*Board Certified Specialist – Labor & Employment Law, Texas Board of Legal Specialization*
Justin Manchester
Texas Bar No. 24070207
Stacey Cho
Texas Bar No. 24063953

ROB WILEY, P.C.
1825 Market Center Blvd., Ste. 385
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile:  (214) 528-6511
E-mail: scho@robwiley.com
www.robwiley.com

## TABLE OF CONTENTS

Table of Contents.................................................................................................... i

Table of Authorities................................................................................................ ii

I.     Summary..................................................................................................... 1

II.    Summary Judgment Evidence.................................................................... 2

III.   Facts............................................................................................................ 2

IV.    Analysis....................................................................................................... 3

      A.    CHRISTUS IS LIABLE FOR BREACH OF CONTRACT......................................................................................... 3

      B.    SUMMARY JUDGMENT SHOULD BE GRANTED AGAINST CHRISTUS'S AFFIRMATIVE DEFENSE OF THE EXECUTIVE EXEMPTION.  COBERLY DOES NOT PASS THE SALARY BASIS TEST REQUIRED FOR THE EXEMPTION............................................................................... 5

V.     Conclusion.................................................................................................. 7

TABLE OF AUTHORITIES

CASES

*Aguiar v. Segal,*
161 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet denied)….  3

*Cheatham v. Allstate Ins. Co.,*
465 F.3d 578, 584 (5th Cir. 2006)……………………………………………..  6

*Huubard v. Shankle,*
138 S.W.3d 474, 481 (Tex. App.—Fort Worth 2004, pet. denied)…………….  3-4

*Lott v. Howard Wilson Chrysler-Plymouth, Inc.,*
203 F.3d 326, 330 (5th Cir. 2000)……………………………………………..  6

*Mullins v. TestAmerica, Inc.,*
564 F.3d 386, 418 (5th Cir. 2009)……………………………………………..  3

*Paniagua v. City of Galveston,*
995 F.2d 1310, 1313-14 (5th Cir. 1993)……………………………………...  4

*Pickell v. Brooks,*
846 S.W.2d 421, 427 (Tex. App. – Austin 1992, writ denied)…………………  4

*Sterner v. Marathon Oil Co.,*
767 S.W.2d 686, 698 (Tex. 1989)……………………………………………...  4

*Winchek v. Am. Express Travel Related Servs. Co.,*
232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.)…………  3-4

*Winters v. Houston Chronicle Publishing Co.,*
795 S.W.2d 723, 723 (Tex. 1990)……………………………………………  4


STATUTE

29 U.S.C. § 541.100……………………………………………………………  5-6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT COBERLY, § | | |
| Plaintiff, § | | Civil No. 3:10-cv-1213 |
| -v- § | | |
| § | | ECF |
| CHRISTUS HEALTH, § | | |
| Defendant. § | | |

BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

This is a case for unpaid overtime pay under both breach of contract and Fair Labor Standards Act theories. Plaintiff, Scott Coberly, asks the Court to render summary judgment (1) affirming liability for breach of contract, and (2) dismissing Defendant, Christus Health's, affirmative defense of the executive exemption. In support, Plaintiff respectfully shows the following:

I.
SUMMARY

There is no genuine issue of material fact concerning what Coberly should be paid because Christus gave Coberly an offer letter that specifically set forth the pay agreement between the Parties. This Court should grant summary judgment so that Coberly is paid what Christus promised. Summary judgment is appropriate where the issue is so simple.

Specifically, Coberly asks the Court to enter summary judgment that (1) Christus is liable for breach of contract, and (2) that Coberly is not exempt under

the FLSA's executive exemption, an affirmative defense asserted by Christus, because he does not pass the salary basis test.[1]

## II.
## SUMMARY JUDGMENT EVIDENCE

1.  Offer Letter dated November 18, 2008 from Ruby Watts to Coberly ("Offer Letter");

2.  Defendant's Response to Plaintiff's Request for Admissions dated October 20, 2010 ("Def's Response");

3.  Excerpts from the Deposition of Christus Health Corporate Representative Sandy York dated February 15, 2011 ("York Dep."); and

4.  Excerpts from the Deposition of Coberly dated December 8, 2010 ("Coberly Dep.").

## III.
## FACTS

In Christus' November 18, 2008 offer letter to Coberly, Christus stated *in writing* that Coberly would be paid $21.50 per hour and be eligible for overtime pay. Specifically, the offer letter states:

> The terms of the employment offer are as follows:  Your starting hourly rate will be $21.5000, with an annual merit increase opportunity. . . . This position is considered a non-exempt position for purposes of federal wage-hour law, which means that you will be eligible for overtime pay for hours actually worked in excess of 40 in a given workweek.

---

[1] If this motion is granted, the only unresolved issue will be damages (*i.e.* the number of overtime hours worked).

(Offer Letter, App. 0001.)  The offer letter is signed by Coberly and Christus administrator Ruby Watts.  (Offer Letter, App. 0001.)  Christus agrees Watts had the authority to bind them in this offer.  (York Dep. 12:4-25, 13:1-7, 26:7-16, App. 0009, 0010, 0013.)  However, when Plaintiff proceeded to work overtime hours as Senior Chef, he was not paid his overtime pay.   (Coberly Dep. 78:3-15, App. 0021.) Specifically, from approximately November 18, 2008 through February 2010, Coberly regularly worked in excess of 40 hours in a workweek, (Coberly Dep. 78:3-15, App. 0021.)  However, Christus failed to pay Coberly any overtime compensation for hours he worked in excess of forty in a workweek.  (Coberly Dep. 78:3-15, App. 0021.)  Instead, Christus paid Coberly the same salary regardless of how many hours he worked in a workweek.(Coberly Dep. 78:3-15, App. 0021.)

### IV.
### ANALYSIS

**A.    Christus is liable for breach of contract.**

In Texas, the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 161 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet denied).  To show that parties have met the first element – that is, that they have entered into an enforceable contract – a plaintiff must establish the following: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) meeting of the minds; (4) each party's consent to the

terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Huubard v. Shankle*, 138 S.W.3d 474, 481 (Tex. App.—Fort Worth 2004, pet. denied). Furthermore, a contract of an employment at will means only that the contract "may be terminated at will and without cause." *See Winters v. Houston Chronicle Publishing Co.*, 795 S.W.2d 723, 723 (Tex. 1990); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 698 (Tex. 1989) (holding that the terminable-at-will status of a contract is no defense to an action for tortious interference with its performance). Employment at will does not mean that an employer can promise to pay an employee a certain wage and then unilaterally decide to pay the employee less for work he has already done. *See Paniagua v. City of Galveston*, 995 F.2d 1310, 1313-14 (5th Cir. 1993); *Pickell v. Brooks*, 846 S.W.2d 421, 427 (Tex. App. – Austin 1992, writ denied).

Here, Christus reduced to writing Plaintiff's compensation in the Offer Letter which set Plaintiff's wages. (Offer Letter, App. 0001.) The Offer Letter, signed by Coberly and Christus's administrator, Ruby Watts, is a valid enforceable contract between the Parties. (Def's Resp., App. 0003.) It contains an offer, acceptance, mutual assent, execution and delivery with the intent that it be mutual and binding, and consideration. (Offer Letter, App. 0001.) There simply is no dispute that Coberly was entitled to overtime pay under the plain language of the contract. Ms. York, as the Corporate Representative for Christus Health, testified very clearly during her deposition as follows:

> Q: So does Christus Health expect to be bound by an offer letter?
>
> A: I'm not sure what you mean.
>
> Q: Sure. I guess whatever is written down in the offer letter, do they expect to follow through on it?
>
> A: Typically, yes.

(York Dep. 21:25 – 22:1-6, App. 0011, 0012.)

Christus, as the employer, must pay Coberly according to the contract that was in effect when work was performed. (Offer Letter, App. 0001.) Christus provided for overtime pay in the offer letter for hours actually worked in excess of forty in a given workweek. (Offer Letter, App. 0001.) Coberly routinely worked in excess of forty hours in a workweek. Coberly Dep. 78:3-15, App. 0021.) Contrary to the agreement, Christus failed to compensate Plaintiff for overtime wages. Therefore, Coberly is owed his unpaid overtime wages.

**B. Summary judgment should be granted against Christus' affirmative defense of the executive exemption. Coberly does not pass the salary basis test required for the exemption.**

Christus has pled the executive exemption as an affirmative defense to the FLSA. To qualify for this defense, Christus must show that (1) the employee is compensated on a salary basis at a rate of not less than $455 per week; (2) the employee's primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) the employee customarily and regularly directs the work of two or more other employees; and (4) the employee has the authority to hire or fire other employees or

whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. 29 U.S.C. § 541.100.

The first prong of this test is known as the salary basis test. Summary judgment must be granted against this exemption because Christus promised to pay Coberly an *hourly rate* with *overtime*:

> The terms of the employment offer are as follows: Your starting *hourly rate* will be $21.50000, with an annual merit increase opportunity. . . . This position is considered a *non-exempt* position for purposes of federal wage-hour law, which means that you will be *eligible for overtime pay* for hours actually worked in excess of 40 in a given workweek.

(Offer Letter, App. 0001. (emphasis added))

"[T]he ultimate decision whether the employee is exempt from the FLSA's overtime compensations provisions is question of law." *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 330 (5th Cir. 2000). FLSA exemptions are construed narrowly, and the burden of proof lies with the employer. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006) (emphasis added).

The gravamen of the salary basis test is the agreement between the employee and employer. There is no genuine issue of material fact to suggest that the agreement was ever anything other than Coberly would be paid on an hourly basis and that Coberly would be eligible for overtime wages. (Offer Letter, App. 0001.) Christus fails to meet the salary basis test and judgment must be rendered against Christus's affirmative defense of the executive exemption.

## IV.
## CONCLUSION

There is no genuine issue of material fact concerning liability. The terms of the employment are contained in the Offer Letter. Christus promised to pay Coberly overtime pay for hours actually worked in excess of forty in a given workweek. Therefore, Christus is liable to Coberly for unpaid overtime wages in this case.

Respectfully submitted,

By: */s/ Stacey Cho*
Robert J. Wiley
Texas Bar No. 24013750
*Board Certified Specialist – Labor & Employment Law, Texas Board of Legal Specialization*
Justin Manchester
Texas Bar No. 24070207
Stacey Cho
Texas Bar No. 24063953

ROB WILEY, P.C.
1825 Market Center Blvd., Ste. 385
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile:  (214) 528-6511
E-mail: scho@robwiley.com
www.robwiley.com

## CERTIFICATE OF SERVICE

I certify that on April 25, 2011 a true and correct copy of the foregoing was served on counsel for Christus by and through their attorney of record, Christopher Lang, Fisher & Phillips LLP, 500 North Akard Street, Suite 3550, Dallas, Texas 75201 via the Court's ECF System.

*/s/  Stacey Cho*