IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SCOTT COBERLY**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1213-L** |
| | § | |
| | § | |
| **CHRISTUS HEALTH,** | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Plaintiff's Motion for Partial Summary Judgment, filed April 25, 2011;

Defendant's Motion for Summary Judgment, filed June 16, 2011; and the parties' Joint Motion to

Extend Time of Scheduling Order Deadlines, filed October 24, 2011.  After carefully considering

the motion, response, briefs, appendices, evidence, record, and applicable law, the court **denies**

Plaintiff's Motion for Partial Summary Judgment; **grants** Defendant's Motion for Summary

Judgment; and **denies as moot** the parties' Joint Motion to Extend Time of Scheduling Order

Deadline.

**I.      Factual and Procedural Background**

Plaintiff Scott Coberly ("Coberly") filed this action on June 16, 2010, against his former

employer Christus Health ("Defendant" or "Christus") for breach of an employment contract and

violations of the Fair Labor Standards Act ("FLSA"), seeking damages for unpaid minimum and

overtime wages.  It is undisputed that on November 18, 2009, Christus Human Resource Services

Administrator Ruby Watts sent Coberly a  letter offering him a position at Christus as Senior Chef.

The letter states that the "terms of the employment offer" are:

**Memorandum Opinion and Order – Page 1**

Your starting hourly rate will be $21.5000 [sic], with an annual merit increase opportunity effective around October of each calendar year, according to the compensation guidelines[.] This position is considered a non-exempt position for purposes of federal wage-hour law, which means that you will be eligible for overtime pay for hours actually worded in excess of 40 in a given workweek.

Exh. 1, Pl.'s Original Compl.

Coberly contends that his acceptance of this letter and offer of employment constitute a valid, enforceable contract between the parties. Coberly further contends that throughout the course of his employment from November 2008 to February 2010, he worked more than forty hours a week but was never compensated for overtime, even though the letter offer states he would be paid for overtime. Coberly asserts that he brought this issue to the attention of his then-supervisor Robert Lopez ("Lopez") in December 2008, shortly after he started working for Christus but was advised by Lopez that he was not entitled to overtime pay. According to Coberly, he continued to complain to Lopez about not receiving overtime pay, and Defendant retaliated against him by firing him on February 22, 2010. Coberly contends that Christus breached the employment agreement and violated the FLSA by failing to pay him for overtime. Coberly also contends that he was fired in retaliation for his complaints about not being paid for overtime hours worked.

Defendant admits that it sent the letter offer of employment to Coberly but denies that the letter is a valid, enforceable contract. Defendant also denies any liability under the FLSA, and asserts a number of affirmative defenses to Coberly's claims. On April 25, 2011, Coberly moved for partial summary judgment on his breach of contract claim and Defendant's affirmative defense based on executive exemption under the FLSA. On June 16, 2011, Defendant moved for summary judgment as to all of Coberly's claims.

## II.      Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.  *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).  The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458.  Rule 56 does

not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III.    Analysis

Defendant contends it is entitled to summary judgment on Coberly's contract claim because it is preempted by the FLSA. Even if not preempted, Defendant contends the letter offer is not a valid, enforceable contract. Additionally, Defendant asserts that summary judgment is proper as to Coberly's FLSA claims based on failure to pay overtime compensation and retaliation. In this regard, Defendant maintains that Coberly did not engage in protected activity under the FLSA, and, even Coberly's complaints regarding overtime can be considered protected activity, it is still entitled to summary judgment because Christus terminated him for a legitimate, nonretaliatory business reason and not because of any protected activity. Alternatively, Defendant contends Coberly was not entitled to receive overtime compensation because of his exempt status under the FLSA as an executive or administrative employee.

**Memorandum Opinion and Order – Page 4**

### A.      Coberly's Breach of Contract Claim is Preempted by the FLSA

Defendants contend that Coberly's breach of contract claim is preempted by the FLSA because his alleged damages with regard to both are the same.  Coberly counters that his state law claim for breach of contract is not predicated on the FLSA but instead is based on Defendant's failure to compensate him as promised in the November 2009 letter offer.  Coberly contends that the cases relied on by Defendant are distinguishable because none involved plaintiffs with an employment agreement like his.

The FLSA permits an employee to bring causes of action against the employee's employer for "unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b); *see also* §§ 206(a) (minimum wages), 207(a) (maximum hours per week).  The Fifth Circuit has not addressed in a published opinion whether the FLSA preempts state law claims based on a right conferred by the FLSA.  In *Casey v. Rainbow Group, Ltd.*, No. 95-50710, 1997 WL 114915 (5th Cir.), *cert. denied*, 522 U.S. 814 (1997), the court concluded a plaintiff's claims were not completely preempted and indicated that complete preemption under any circumstances were unlikely.  *Id.* at *5.  The court declined, however, to decide the issue of whether a plaintiff's state law claims could be preempted by the FLSA in the ordinary sense.  *Id.*  Courts within this circuit and other circuits that have addressed the issue have concluded that state law claims are preempted by the FLSA to the extent the plaintiff seeks damages

for unpaid minimum wages or unpaid overtime compensation.[1]  The court agrees with the reasoning

employed by these courts.

Although Coberly attempts to distinguish his contract claim by asserting that he is seeking

the compensation as promised in the November 2009 letter offer, the only damages alleged in his

Complaint are those for unpaid minimum and overtime wages.  Moreover, Coberly's Prayer for

Relief is similar to and appears to track the language in section 216(b) of the FLSA.  Accordingly,

the court determines that Coberly's breach of contract claim is preempted, and Defendant is entitled

to summary judgment as to Coberly's contract claim.  Having determined that his contract claim is

preempted, the court need not address the parties' contentions as to whether the November 2009

letter offer constitutes a valid, enforceable contract.

### B.       Retaliation Under the FLSA

Defendant contends that Coberly's retaliation claim fails as a matter of law because he did

not engage in any protected activity under the FLSA.  Even if he engaged in protected activity,

Defendant contends that it had a legitimate business reason for terminating and that Coberly cannot

prove that its reason for firing him was pretextual.

Under section 215 of the FLSA, it is unlawful for an employer:

> to discharge or in any other manner discriminate against any employee because such
> employee has filed any complaint or instituted or caused to be instituted any

---

[1] *See Anderson v. Sara Lee Corp.*, 508 F.3d 181, 192-95 (4th Cir. 2007); *Roman v. Maietta Constr., Inc.*, 147 F.3d 71, 76 (1st Cir. 1998) (finding that a plaintiff cannot circumvent the exclusive remedy for enforcement of rights created under the FLSA and prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim); *Doan v. Portable Product Servs., LP*, No. Civ. A. H-11-0261, 2011 WL 2038580, at *4 (S.D. Tex. May 19, 2011); *Lilani v. Noorali*, No. Civ. A. H-09-2617, 2011 WL 13667, at *7-8 (S.D. Tex. Jan 3, 2011); *Guerrero v. JPMorgan Chase & Co*., No. 6:09-CV-388, 2010 WL 457144, at *3-4 (E.D. Tex. Feb. 5, 2010);  *Botello v. COI Telecom, LLC*, SA-10-CV-305-XR, 2010 WL 3784202, at *4 (W.D. Tex. Sept. 21, 2010).

proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee;

29 U.S.C. § 215(a)(3).  The framework for analyzing retaliation claims under the FLSA is similar to that under Title VII.  *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008); *Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568, 575 n.5 (5th Cir. 2004).  To establish a *prima facie* case under the FLSA, a plaintiff has the burden of showing that: (1) he participated in protected activity under the FLSA; (2) he suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action.  *Hagan*, 529 F.3d at 624.  If a plaintiff meets this burden, the defendant must then articulate a legitimate, nonretaliatory reason for its decision. The burden then shifts to the plaintiff to demonstrate that the proffered reason is a pretext for discrimination.  *Id.*

### 1.    Protected Activity

Defendant argues that Coberly's internal complaints to Lopez do not qualify as protected because Coberly's complaints were all couched in terms of failure to compensate him in accordance with the purported employment agreement.  Coberly never specifically mentioned the FLSA. Defendant cites *Kasten v. Saint-Gobain Performance Plastics Corporation* for the proposition that "[t]o fall within the scope of the antiretaliation provision [of the FLSA], a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." 131 S. Ct. 1325, 1335 (2011).  Defendant asserts that Coberly's internal complaints to Christus about his compensation do not meet the degree of specificity required by *Kasten*.  Coberly responds that neither section 215(a)(3) nor *Kasten* requires him to allege specific violations of the FLSA or use magic language for his complaints to qualify as protected activity.

**Memorandum Opinion and Order – Page 7**

The court concludes that Coberly's evidence that he verbally complained to his supervisors at least four times about not being compensated for time he worked in excess of forty hours a week is sufficient to raise a genuine dispute of material fact as to whether he engaged in conduct protected by the FLSA.  The record also establishes that Coberly complained a fifth time to Lopez and Christus about not being compensated for "overtime," but this was *after* he was informed by Lopez and  Human Resources director Kim Bomgardner ("Bomgardner") that he was being terminated; thus, so it could not have been the reason his employment was terminated.  Coberly conceded in his deposition that he did not use the term "overtime" or "Fair Labor Standards Act" or "FLSA" on the other occasions that he complained to Lopez.

The court, nevertheless, determines that the manner in which he conveyed his concerns were sufficiently specific under the circumstances to put Christus on notice that he was asserting a right to overtime, which is protected by the statute.  *Kasten*, 131 S. Ct. at 1335; *Hagan*, 529 F.3d at 626.  Because the parties do not dispute that Coberly was fired and Defendant does not argue in its motion the lack of a causal link between Coberly's complaints and his being fired, the court assumes for purposes of this analysis that all of the elements of a prima facie case have been met, and the burden therefore shifts to Defendant to articulate a legitimate, nonretaliatory reason for its decision.

### 2.    Legitimate, Nonretaliatory Reason for Termination

Defendants contend that it fired Coberly not because of his complaints about compensation but because of ongoing disciplinary problems and complaints by food service employees regarding his abusive and harassing conduct in the work place.  Defendants presented considerable evidence that the disciplinary problems with Coberly started in early 2009, shortly after he was hired, and continued up until two weeks before he was fired.  In February and June 2009, Christus food service

employee Jose Jimenez ("Jimenez") filed written complaints about Coberly's verbally abusive and harassing conduct.  In July 2009, Christus initiated a "Plan of Action."  One of the stated goals of the Plan of Action was to "[w]ork with [Coberly] on Issues regarding Dignity and Respect in the workplace."  Def.'s App. 77.

On January 25, 2010, food service employee Mariela Maribel Licea Aguillon ("Aguillon") resigned and complained in her written resignation about the working conditions and environment. As noted by Coberly, he is not specifically mentioned in Aguillon's resignation as the reason for her leaving Christus.  Christus's internal employee records, however, indicate that it continued to get complaints from employees about Coberly, and he was written up as a result on January 25, 2010, the same day Aguillon resigned.  The January 25, 2010 record is signed by Coberly.  Subsequently on February 4, 2010, Christus received another written complaint and resignation from Lead Cook Lance A. Christine ("Christine"), which states:

> I will be resigning my position at Christus . . . I have found the working conditions . . . in the foodservice department, to be unbearable and dehumanizing.  I cannot be expected to continue to, 'bear with it,' as I've been told to do numerous times, as the Senior Chef is allowed to behave toward the workers as has been reported to management.  I expected better and more professional working conditions at a Catholic organization and I'm extremely disappointed and disheartened that the oppressive working environment is allowed to exist.

Def.'s App. 116.  Coberly was fired shortly thereafter on February 22, 2010, and documentation from the termination meeting attended by Coberly, Lopez, and Human Resources director Bomgardner states that Coberly was terminated because of his abusive conduct towards and complaints by employees.

The evidence presented by Defendant further reflects that shortly after Coberly was hired, Ruby Watts and Bomgardner explained to him that was classified as an exempt employee because

of his managerial responsibilities.  They explained that to the extent his letter offer stated something different, it was incorrect.  Watts asserts in her declaration that she was not upset or surprised that Coberly sought clarification about his compensation status and she was not aware of anyone else being upset with him.  According to Watts, Coberly did not inquire further to her about his compensation or exempt status.  She therefore believed he was satisfied with the explanation provided and thought that the issue was closed.  Based on this evidence, the court concludes that Defendant met its burden of articulating a legitimate, nonretaliatory reason for its decision to fire Coberly.  Coberly therefore has the burden to produce evidence to establish that Defendant's proffered reason for his discharge is merely a pretext, and that the real reason for his termination is an illegal retaliatory animus.[2]

### 3.    Retaliatory Motive - Pretext

Coberly does not dispute that the kitchen at Christus was a hostile work environment and he acknowledges that he was disciplined for his role in creating a hostile work environment.  Instead, he contends that "it is no secret that any chef or kitchen position comes with high occupational stress" and, according to Coberly, this stress was exacerbated by short staffing that required him to work more than forty hours per week.  Pl.'s Resp. 18.  Coberly also asserts that his supervisor Lopez was also to blame for many of the staffing problems and hostile work environment in Christus's food service department, and the evidence relied on by Defendant does not tell the whole story.  For example, Coberly contends that the January 25, 2010 writeup does not contain his response which

---

[2] Coberly contends that Defendant is not entitled to summary judgment because it "fail[ed] to prove that there is no genuine issue of fact as to [its] allegedly legitimate and nondiscriminatory reason" for firing him.  Pl.'s Resp. 19.  The court disagrees.  Under the applicable burden shifting standard, Defendant's only burden was to articulate or set forth a legitimate, nonretaliatory reason for its decision through the introduction of admissible evidence.  *See Texas Dep't of Comty. Affairs v. Burdine*, 450 U.S. 248, 255-56 (1981).  The reason articulated by Defendant is sufficient in this regard.

should have been attached.  Coberly, however, did not submit a copy of his response or other evidence to show what was included in the response.  Additionally, as mentioned previously, Coberly notes that he was not specifically mentioned in Aguillon's resignation as the reason for her leaving Christus.  The evidence, however, reflects that Coberly was written up on the same day. Coberly also contends that Defendant fails to mention that the Plan of Action refers to and requires him and Lopez to work together to improve workplace issues and relations.  His deposition testimony similarly attributes responsibility to Lopez for problems associated with complaints by Jimenez in February and June 2009.  The complaints by Jimenez and Plan of Action, however, only refer to the hostile work environment created by Coberly's abusive conduct.

At most, Coberly's arguments and deposition testimony merely establish that he did not respect Lopez and there was animosity between him and Lopez.  The record lacks evidence to establish, or raise a genuine dispute of material fact, that the explanation articulated by Defendant for firing Coberly was pretextual or attributable to Coberly's complaints about overtime compensation.  While Coberly mentions two incidents that occurred in December 2008 where he complained to Lopez, the court determines that those two incidences are too attenuated in light of the record in this case, and it is unclear from the record when the other two complaints occurred, that is, whether they were made sufficiently close to the time that he was fired in February 2010.  At most, Coberly has a subjective belief that he was fired because he complained to Lopez; however, unsubstantiated and subjective beliefs are insufficient as a matter of law to raise a genuine dispute of material fact regarding discrimination or retaliation.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).  Viewing the evidence in the light most favorable to Coberly, the court concludes Coberly failed to raise a genuine dispute of material fact as to whether

**Memorandum Opinion and Order – Page 11**

Defendant's proffered reason for his discharge was merely a pretext. Defendant is therefore entitled to summary judgment on Coberly's FLSA retaliation claim.

### C.      Coberly's Exempt Status

Both parties moved for summary judgment on Defendant's affirmative defense that Coberly is not entitled to overtime compensation because he was an executive employee and therefore exempt from receiving overtime compensation under the FLSA. Defendant also moved for summary judgment on the grounds that Coberly qualifies for the administrative exemption.

The FLSA generally requires payment of overtime compensation when an employee works more than forty hours per week. 29 U.S.C. § 207(a)(1). There are exceptions, however, to this general requirement. The FLSA excludes from the requirement employees working in "a bona fide executive, administrative, or professional capacity. . . ." 29 U.S.C. § 213(a)(1). Whether an employee is exempt under the FLSA is primarily a question of fact, but the ultimate decision whether an employee is exempt from the FLSA's provisions regarding overtime compensation is a question of law. *Lott v. Howard Wilson Chrysler–Plymouth, Inc.*, 203 F.3d 326, 330 (5th Cir. 2000); *Cobb v. Finest Foods, Inc*., 755 F.2d 1148, 1150 (5th Cir. 1985). Exemptions from the FLSA are construed narrowly against the employer, who carries the burden of proof to establish the exemption. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006). An employee is employed in an executive capacity if: (1) he is "[c]ompensated on a salary basis at a rate of not less than $455 per week . . . ." (2) his "primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof"; (3) he "customarily and regularly directs the work of two or more other employees"; and (4) he "has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring,

**Memorandum Opinion and Order – Page 12**

firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100(a).

Defendant presented evidence that Coberly was paid on a salary basis of at least $455 per week. Coberly argues that Defendant is not entitled to summary judgment because the November 2009 letter offer to Coberly states that he was to be paid on an hourly basis. Even though the offer letter stated that Coberly was to be paid on an hourly basis and was a non-exempt employee, such statement did not make him an hourly employee entitling him to overtime compensation. This is so because, despite the language in the letter, the evidence clearly establishes that Coberly meets the definition of an exempt employee under the applicable regulations. Moreover, the job description attached to the letter offering Coberly employment states that the position of Senior Chef is "FLSA: Exempt." Exh. 1, Pl.'s Original Compl. A mistake made in an offer letter does not elevate that mistake to a violation of the FLSA. Given this evidence and that Coberly does not dispute that he was actually compensated on a salary basis of at least $455 per week, the court concludes that he failed to raise a genuine dispute of material fact as to this issue.

Regarding the remaining factors, Defendants presented evidence that Coberly was responsible for managing the kitchen, a department within Christus's dining services. According to Coberly's job description, he was responsible as senior chef for, among other things, planning meals, procuring food supplies and kitchen equipment, production of meals, directing and supervising the operation of the kitchen production staff and work flow of the kitchen personnel, overseeing the food service workers, interviewing and recommending the hiring and firing of food service workers, and participating in the performance management process for the food service workers. Def.'s App. 11-14; *see also* Exh. 1, Pl.'s Original Compl. His job description further

states that the following food service and food production employees report directly to the Senior

Chef: the Chef, Assistant Chef, Cooks, and Food Service Assistants. *Id*. Defendant also submitted

a declaration by Lopez in which he states that Coberly supervised 15-20 employees, oversaw the

kitchen with little supervision and exercised independent judgment, and had "significant input" as

to "interviewing, hiring, training, scheduling, evaluating, disciplining, and/or terminating associates

in the department." Def.'s App. 88.

Coberly made no response in opposition to Defendant's arguments and evidence regarding

the second, third, and forth factors as to his exemption status as an executive employee. When no

response is filed, such failure permits the court to accept as undisputed the evidence set forth in

support of a movant's motion for summary judgment. *See Eversley v. MBank Dallas*, 843 F.2d 172,

174 (5th Cir. 1988). Accordingly, the court accepts Defendant's facts and evidence of the second,

third, and forth factors as undisputed, and concludes that Coberly qualifies as an executive

employee. The court therefore determines that there is no genuine dispute of material fact regarding

Coberly's FLSA claim for overtime compensation, and Defendant is entitled to judgment as a matter

of law as to this claim. Having determined that Defendant is entitled to summary judgment on this

ground, the court need not address whether Coberly also exempt as an administrative employee.

## IV.    Plaintiff's Motion for Partial Summary Judgment

The court has considered Plaintiff's Motion for Partial Summary Judgment simultaneously

with Defendant's summary judgment motion. In doing so, it necessarily considered the arguments

and evidence presented by both parties, as the evidence and legal issues overlap. In making its

decision on the motions, the court concluded that Defendant's motion should be granted.

**Memorandum Opinion and Order – Page 14**

Accordingly, granting Plaintiff's motion would be inconsistent with the rulings herein made, and the court will **deny** Plaintiff's Motion for Partial Summary Judgment.

## V.     Conclusion

For the reasons herein stated, the court determines that Coberly's breach of contract claim for overtime and minimum wages is preempted.  The court further determines that no genuine dispute of material fact exists regarding Coberly's FLSA claim for overtime compensation or his retaliation claim under the FLSA.  Accordingly, the court **denies** Plaintiff's Motion for Partial Summary Judgment; **grants** Defendant's Motion for Summary Judgment and **dismisses with prejudice** Coberly's claims for breach of contract and violations of Title VII and the FLSA; **denies as moot** the parties' Joint Motion to Extend Time of Scheduling Order Deadlines.  The court will enter a judgment by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 3rd day of November, 2011.

Sam A. Lindsay
United States District Judge